(120 App. Div. 625)

ONEIDA STEEL PULLEY CO. v. NEW YORK LEATHER BELTING CO.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. PLEADING—ADMISSIONS—EFFECT OF GENERAL DENIAL.

Though, in an action for an accounting, plaintiff in its complaint admitted a credit, defendant having denied the allegations of the complaint, the admission was not conclusive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 81.]

**2. GUARANTY—CONSTRUCTION.**

Defendant contracted to sell pulleys for plaintiff, the business to be "entirely in the hands and management" of defendant, who should generally look after the business as if it was being conducted in its name; and it was agreed defendant might, either pay the cost of credit insurance on the business done and make good to plaintiff any initial loss it would be forced to stand, in order to give a claim for a credit loss, or defendant might guaranty the accounts, and plaintiff would, when defendant deemed it necessary to push the accounts, assign them to defendant, or, if it should not be desirable to push an account, defendant should be released from its guaranty. *Held*, that defendant became guarantor of the accounts, with permission to procure credit insurance as a substitute, plaintiff being not required to procure it, and defendant's failure to insure for the second year did not relieve it from liability as guarantor.

**3. SAME—NATURE OF GUARANTY.**

The guaranty was one of payment, and not of collection.

Appeal from Trial Term, Madison County.

Action by the Oneida Steel Pulley Company against the New York Leather Belting Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

George Murray Brooks, for appellant.

W. H. Coley (T. A. Devereaux, of counsel), for respondent.

SMITH, P. J. The contract upon which this action is brought was executed upon the 15th day of July 1902, and was to continue in force for two years. Under that contract the plaintiff, the party of the first part, was to carry at the store of the defendant, the party of the second part, a full line of steel center pulleys and also a complete stock of steel rim pulleys. The party of the second part agreed to industriously prosecute the sale of said pulleys, "and to generally look after the business as if it was being conducted in their own name." The contract contains this further provision:

"It being the understanding that the business, while being carried on in the name of the party of the first part, is to be entirely in the hands and management for Chicago and territory hereafter named of the party of the second part."

After other provisions immaterial to this controversy, the contract reads:

"The said party of the second part may, at their option, either pay the cost of credit insurance on the amount of business done by them on the wood rim and steel rim pulleys, and, in the event of their paying such insurance premiums, they shall make good to the party of the first part any initial loss which they would be forced to stand, in order to give them a claim for a credit loss, or, if they so elect, they may guaranty the accounts of sales of wood rim and steel rim pulleys made from Chicago, and, in the event of their electing to guarantee, the said party of the first part will, at any time that party of the second part thinks it necessary to push for the collection of any accounts so sold, assign the account to them, or, if for business reasons they don't wish the account pushed, the said party of the second part will be released from further guaranty of that particular account."

After two years the contract was terminated. Meantime the plaintiff had furnished to the defendant large quantities of these pulleys

of the different kinds. Some of the pulleys had been sold and some returned. The first cause of action was for an accounting for the pulleys that had been neither sold nor returned. After examination of the evidence we are satisfied that the referee has given the defendant full credit for all sums to which it is entitled to credit. The defendant challenges this conclusion by referring to a credit admitted in the complaint and claiming that that has not been allowed in the account. The allegations of the complaint, however, were denied by the answer, and the plaintiff put to his proof upon all issues. Under such circumstances he cannot claim the credit allowed in the complaint. Hurd v. Hannibal & St. J. R. R., 18 Wkly. Dig. (N. Y.) 239. Were the rule otherwise, however, it is not clear that this very sum has not been allowed to the defendant by the referee. While the evidence is not perfectly clear, it would seem to be more probable that due credit was given therefor.

The second cause of action is based upon the guaranty clause in the contract. An account was turned over to the plaintiffs for pulleys sold in November, 1903. In March, 1904, the debtor became insolvent and the account was lost. For this account the referee has held the defendant liable to the plaintiff upon its guaranty. This holding is challenged by the defendant upon two grounds: (1) That there was no guaranty that credit insurance had been taken out for the first year, that it was the duty of the plaintiff to see to it that credit insurance was taken out for the second year, and, failing to do so, the plaintiff cannot claim an existing guaranty on the part of the defendant. This contention, however, is not supported by the terms of the contract. The intention is clear that the defendant shall be the guarantor of the accounts. He is permitted, however, to procure credit insurance as a substitute. No duty is imposed upon the plaintiff to procure such insurance, and the failure of the defendant to procure that insurance for the second year does not relieve him from his liability as guarantor of this account.

A further contention is made by the defendant to the effect that, if there be a guaranty, the guaranty is one of collection, and not of payment, and that the plaintiff, by neglect to collect the account before the insolvency of the debtor, has released the defendant from its guaranty. If in the contract there were no other clauses indicating the intent of the parties, it might be more difficult to say whether this was a guaranty of collection or of payment. Other provisions in the contract, however, seem to make it plain that this was to be strictly a guaranty of payment. These sales were to be made by the defendant, who presumptively knew its customers. The business was "entirely in the hands and management" of the defendant, and the defendant was "to generally look after the business as if it was being conducted in their name." More conclusive, however, upon the interpretation of this clause in the contract, would seem to be the provision that, if at any time the party of the second part, the defendant, should think it necessary to push for the collection of an account so sold, the first party should assign such account to the defendant. One who intended to guaranty simply the collection of an account would hardly assume the responsibility of taking an assignment and collecting it himself. This

provision is wholly inconsistent with any other intent upon the part of the defendant than the intent to guaranty the payment of the accounts which the defendant itself made.

I am unable to find any reason for disturbing the conclusion of the referee, which should be affirmed, with costs.

Judgment unaminously affirmed, with costs. ʹ